# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location:
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

## OFFENSE CHARGED

50 U.S.C. § 1705 – Violations of the International Emergency Economic Powers Act;
26 U.S.C. § 7201 – Tax Evasion;
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 50 U.S.C. § 192 – Forfeiture Allegations

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHMENT TO PENALTY SHEET

### DEFENDANT - U.S

▶ FARHAD NAFEIY

DISTRICT COURT NUMBER: 4:23-cr-00251-AMO

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any): **HSI, IRS-CI**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO. }

Name and Office of Person Furnishing Information on this form: **ISMAIL J. RAMSEY**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **BENJAMIN KINGSLEY, AUSA**

### DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release

**FILED**
Aug 10 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed ▶

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

PENALTY SHEET – FARHAD NAFEIY

Count One - (50 U.S.C. § 1705; 31 C.F.R. §§ 560.204, 560.208 – Violation of IEEPA)
    Maximum prison term: 20 years
    Maximum fine: $1,000,000
    Maximum supervised release: 3 years
    Mandatory special assessment: $100 per count
    Restitution
    Forfeiture

Count Two – (26 U.S.C. § 7201 – Tax Evasion)
    Maximum prison term: 5 years
    Maximum fine: $100,000
    Maximum supervised release term: 3 years
    Mandatory special assessment: $100 per count
    Restitution
    Forfeiture

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

Aug 10 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FARHAD NAFEIY, aka Farhad Nafei, <br><br> Defendant. | CASE NO. 4:23-cr-00251-AMO <br><br> VIOLATIONS: <br><br> 50 U.S.C. § 1705 – Violations of the International Emergency Economic Powers Act; <br> 26 U.S.C. § 7201 – Tax Evasion; <br> 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 50 U.S.C. § 192 – Forfeiture Allegations <br><br> OAKLAND VENUE |

I N F O R M A T I O N

The United States Attorney charges:

The Defendant

At all times relevant to this Information:

1. Defendant Farhad NAFEIY was an American citizen and resident of Alamo, Calif., in the Northern District of California. NAFEIY was in the business of providing telecommunications services and, at times, facilitating the purchase and sale of telecommunications goods, technology, and services.

The International Emergency Economic Powers Act

2. Through the International Emergency Economic Powers Act ("IEEPA"), the President of the United States was granted authority to address unusual and extraordinary threats to the national

INFORMATION                                            1

security, foreign policy, or economy of the United States.  50 U.S.C. § 1701(a).  Pursuant to that authority, the President and the Executive Branch have issued orders and regulations governing and prohibiting certain activities and transactions with Iran by U.S. persons or involving items of U.S. origin or exported from the United States.

3. Under IEEPA, it is a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any order, license, regulation, or prohibition issued pursuant to the statute.  50 U.S.C. § 1705(a).  Pursuant to § 1705(c), any person who willfully commits, attempts to commit, conspires to commit, or aids or abets in the commission of an unlawful act as described in subsection (a) of the statute shall by guilty of a crime.

4. In 1995 and again in 1997, the President issued a series of three Executive Orders regulating transactions with Iran pursuant to his authorities under IEEPA.  See Executive Orders 13059 (Aug. 19, 1997), 12959 (May 6, 1995), and 12957 (Mar. 15, 1995).  Since 1997, each President has continued the national emergency with respect to Iran and Executive Orders 13059, 12959, and 12957.  The most recent continuation of this national emergency was executed on March 10, 2023.  In his 2023 Notice, President Joseph R. Biden, Jr. stated that the "actions and policies of the Government of Iran — including its proliferation and development of missiles and other asymmetric and conventional weapons capabilities, its network and campaign of regional aggression, its support for terrorist groups, and the malign activities of the Islamic Revolutionary Guard Corps and its surrogates — continue to pose an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States."  For this reason, "the national emergency declared on March 15, 1995, must continue in effect beyond March 15, 2023."  88 Fed. Reg. 15,595 (March 15, 2023).

5. To implement the national emergency with respect to Iran, the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") issued the Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R. Part 560.  Absent permission from OFAC in the form of a license, these regulations prohibited, among other things:

    a. The exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any goods, technology, or services to Iran or the Government of Iran, including the exportation, reexportation, sale,

INFORMATION                                                                      2

        or supply of any goods, technology, or services to a person in a third country undertaken with knowledge or reason to know that such goods, technology, or services are intended specifically for supply, trans-shipment, or reexportation, directly or indirectly, to Iran or the Government of Iran (31 C.F.R. § 560.204);

    b. The re-exportation from a third country, directly or indirectly, by a person other than a United States person, of any goods, technology, or services that have been exported from the United States, if: (a) such re-exportation is undertaken with knowledge or reason to know that the re-exportation is intended specifically for Iran or the Government of Iran, and (b) the exportation of such goods, technology, or services, was subject to export license application requirements under any United States regulations (31 C.F.R. § 560.205);

    c. Any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions contained in the ITSR (31 C.F.R. § 560.203);

    d. Any transaction by a United States person, wherever located, engaging in any transaction involving goods or services of Iranian origin or owned or controlled by the Government of Iran or involving goods, technology, or services for exportation, reexportation, sale or supply, directly or indirectly, to Iran or the Government of Iran (31 C.FR. § 560.206); and

    e. Any transaction by a United States person, wherever located, engaged in the approval, financing, facilitation, or guarantee of any transaction by a foreign person where the transaction by that foreign person would be prohibited by this part if performed by a United States person or within the United States (31 C.F.R. § 560.208).

6. The Executive Orders and the ITSR were in effect at all times relevant to this Information.

7. Department of the Treasury, Office of Foreign Assets Control ("OFAC), has responsibility for administering the ITSR, and is the entity empowered to authorize transactions with Iran during the embargo. Such authorization is granted in the form of a license.

### Defendant's OFAC License

8. NAFEIY was at all relevant times aware that the United States had sanctions laws in

INFORMATION         3

place with respect to dealings with Iran, and that, for United States persons like him, most business transactions with Iran required a license from OFAC.

9. In fact, NAFEIY obtained an OFAC license in 2012 to provide telecommunications services to non-Iranian telecommunications providers in connection with their provision of telecommunications services to Iran. NAFEIY renewed that license four times, and the final renewed license was issued on April 30, 2020, and expired on April 30, 2022.

10. The license specifically did not authorize either the export of hardware, software, or technology to Iran or the provision of any services directly to Iran or any Iranian national, and such conduct was beyond the scope of the license and therefore violated U.S. sanctions law. NAFEIY was aware of these facts.

COUNT ONE:        (50 U.S.C. § 1705; 31 C.F.R. §§ 560.204, 560.208 – Violation of IEEPA)

11. Paragraphs 1 through 10 of this Information are re-alleged and incorporated by reference.

12. Beginning in or about 2018 and continuing through in or about April 2019, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

FARHAD NAFEIY,

did willfully facilitate the export, reexport, and supply by a foreign person, and cause the export, reexport, and supply, and attempted to do so, of goods, technology, and services to Iran, to wit, software upgrades to commercial grade servers beyond the authorization of his OFAC license.

In violation of Title 50, United States Code, Sections 1702 and 1705; Title 31, Code of Federal Regulations, Parts 560.204, 560.208.

COUNT TWO:        (26 U.S.C. § 7201 – Tax Evasion)

13. Paragraphs 1 through 10 of this Information are re-alleged and incorporated by reference.

14. From in or about January 2015, through on or about May 16, 2016, in the Northern District of California and elsewhere, the defendant,

FARHAD NAFEIY,

a resident of the Northern District of California, owing more federal income tax than was declared due on his federal income tax returns, and knowing this fact, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2015, by committing

INFORMATION                                    4

the following affirmative acts, among others:

    a.    preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service; and

    b.    Causing substantial income to be transferred from a bank account of a company he owned in Hong Kong to his wife's bank account in the United States.

All in violation of Title 26, United States Code, Section 7201

FORFEITURE ALLEGATION:    (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); 50 U.S.C. § 192 – Forfeiture)

15.    The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1) and 982(a)(1), Title 28, United States Code, Section 2461(c), and Title 50, United States Code, Section 192.

16.    Upon conviction for the offense set forth in Count One of this Information, the defendant,

FARHAD NAFEIY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

17.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

//

1  //

2  All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28,
3  United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

5  DATED:  August 10, 2023                    ISMAIL J. RAMSEY
                                              United States Attorney

                                              /s/ *Benjamin Kingsley*
8                                             BENJAMIN KINGSLEY
                                              Assistant United States Attorney